**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. 3:03-cr-00077 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| KEITH DEWAYNE SMITH | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 263).[1] In support of the motion, Defendant filed documentation of his administrative request to the warden (Doc. No. 263-1), a list of completed programming and certificates (Doc. No. 263-2), and numerous letters of support (Doc. No. 263-3). The Government filed a response in opposition (Doc. No. 266), and Defendant filed a reply (Doc. No. 267). For the reasons stated herein, Defendant's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Sixth Circuit Court of Appeals summarized the background of Smith's criminal conviction as follows:

> Pursuant to a plea agreement, Smith pled guilty to a variety of federal offenses in district court, including conducting a continuing criminal enterprise, conspiracy to commit money laundering, obstruction of justice, and solicitation of the murder of a witness. As part of his federal plea agreement, Smith also pled guilty to second-degree murder in state court. The parties agree that Smith was responsible for more than 1000 kilograms of cocaine during the course of his criminal activity.

*United States v. Smith*, 387 F. App'x 565, 566 (6th Cir. 2010).

---

[1] Defendant has listed Case Nos. 3:03-cr-00077 and 3:05-cr-00054 in the case caption, but the motion to reduce sentence was filed only in the earlier of those cases. All docket references in this Memorandum and Order are to Case No. 3:03-cr-00077. The analysis and conclusion apply equally to both cases.

1

Smith was sentenced to life in prison, plus a consecutive sentence of five years imprisonment for violation of 18 U.S.C. § 924(c), which was separately charged by information. (Doc. No. 236). The Court ordered that the sentence would run consecutive to his state sentence for second-degree murder. (*Id*.).

Defendant appealed the sentence, arguing that the district court abused its discretion by sentencing him to life imprisonment and by ordering the federal sentence to run consecutively to his state sentence. *See Smith*, 387 F. App'x at 571-75 The Sixth Circuit affirmed the judgment of the district court, noting that the sentencing was within the Guidelines and therefore presumptively reasonable. *Smith*, 387 F. App'x at 571-75. The Sixth Circuit remarked that, "Smith had an offense level five levels higher, and a criminal history category two categories greater, than that for which the Guidelines recommend a sentence of life imprisonment rather than a range that merely includes life imprisonment as an outer limit." *Id*. at 571. In characterizing Defendant's appeal, the Court stated:

> At bottom, Smith is asking this court to re-balance the relevant factors in order to arrive at a sentence other than life imprisonment. "This is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). It was reasonable for the district court to place significant weight on the characteristics of Smith's multiple federal offenses and on the need for Smith's sentence to reflect the seriousness of those offenses, to provide just punishment, and to protect the public from further harm. The district court emphasized that this case involved more than one ton of cocaine and other drugs. The district court also remarked that "[t]his was a continuing criminal enterprise characterized by violence," including two murders. "Considering the deleterious effect that such conduct would naturally have on a community, it was not unreasonable for the district court to give less weight to [Smith's] personal characteristics." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). The district court ultimately concluded that this was "an extraordinary case that call[ed] for an extraordinary sentence," implying that, from the court's perspective, a lesser sentence would not have been appropriate. It was not unreasonable for the district court to reach this conclusion.

2

*Smith*, 387 F. App'x at 572. The Sixth Circuit also rejected Defendant's challenge to the consecutive sentence, finding the district court's decision to impose a consecutive rather than concurrent sentence was not an abuse of discretion. *Id*. at 574.

In 2011, Defendant filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. *Keith Smith v. United States*, Case No. 3:11-cv-00974 (M.D. Tenn. Oct. 12, 2011). In that motion, Defendant argued that his attorney provided ineffective assistance during the plea stage. The district court denied the motion and the Sixth Circuit declined to issue a certificate of appealability effectively dismissing the appeal. *Id*. at Doc. Nos. 23 (district court), and 33 (Sixth Circuit).

In 2021, Defendant filed his first motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*See* Doc. No. 254). As grounds for a reduction in sentence, Defendant cited the risk of risk of death or irreparable harm due to COVID-19, his extremely long sentence of life imprisonment, this disparity in sentencing as compared to others convicted of serious offenses like murder, and his rehabilitation, when considered together, constituted extraordinary and compelling reasons for a reduction in sentence. (*Id*.). Defendant argued that a sentence of 255 months, which he asserted was the average sentence for first degree murder, would be sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The motion was denied. (Doc. No. 262). In doing so, the Court observed that "although Smith compares his sentence to that of someone convicted of a single count of murder, his charges encompassed far more than a single charge of murder… Smith was involved in a continuing criminal enterprise that involved more than a ton of cocaine and drugs, multiple murders, soliciting murder of a witness, and obstruction of justice. Comparison to a single murder charge is inapt." (*Id*. at 6). The Court also found that his rehabilitative efforts, even considered in conjunction with the other asserted

bases for a reduction in sentence, did not constitution extraordinary and compelling circumstances to merit a reduction in sentence. Because it found that extraordinary and compelling circumstances did not exist, the Court did not separately consider the sentencing factors under 18 U.S.C. § 3553(a).

In the current motion for reduction in sentence, Defendant raises the same arguments as in the prior motion for reduction in sentence except that he does not raise health issues or COVID-19. (See Doc. No. 263). Defendant argues that he received an unusually and excessively long sentence of life imprisonment plus five years and has rehabilitated to a degree that life imprisonment no longer serves the purposes of sentencing.

## II.     STANDARD OF REVIEW

A district court generally "lacks authority to modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statue, 18 U.S.C. § 3582(c)(1)(A), is one exception. The compassionate release statute states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction…
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).  In summary, the statute gives the district court discretion to reduce a term of imprisonment if three criteria are met: (1) extraordinary and compelling reasons for a

4

reduction; (2) applicable policy statements issued by the Sentencing Commission; and (3) consideration of applicable § 3553(a) factors. A district court "may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021); *see also, United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) ("A court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction.").

*Extraordinary and Compelling*

The first and second criteria - extraordinary and compelling reasons and applicable policy statements by the Sentencing Commission – are generally considered together. *See United States v. Williams*, 161 F.4th 951 (6th Cir. 2025) (stating that because "the text of 18 U.S.C. § 3582 provides little guidance on how to interpret the words 'extraordinary and compelling,' but Congress expressly tasked the Sentencing Commission with interpreting that phrase," courts "look to applicable policy statements from the Sentencing Commission to determine what constitutes an extraordinary and compelling reason to grant compassionate release").

The Sentencing Commission's policy statement on reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) states that extraordinary and compelling reasons exist under six circumstances: (1) medical circumstances of the Defendant; (2) age of the Defendant; (3) family circumstances of the Defendant; (4) the Defendant was a victim of abuse while in custody; (5) "other reasons" of "similar gravity" to the first for reasons described considered themselves or together with any of those reasons; and (6) changes in the law if the Defendant received an unusually long sentence, has served at least 10 years of the term of imprisonment and the changes in law would produce a "gross sentencing disparity." U.S.S.G. § 1B1.13(b)(1) – (6). The Sixth

5

Circuit has held that the last circumstance on this list, U.S.S.G. § 1B1.13(b)(6), which would allow a court to consider changes in the law as an extraordinary and compelling reason for a reduction in sentence, is invalid. *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025); *petition for cert. filed*, Case No. 25-81 (U.S. Jul. 18, 2025). Accordingly, unusually long sentences and changes in the law are not currently a viable basis for granting a motion for compassionate release in the Sixth Circuit. *See also*, U.S.S.G. § 1B1.13(c) ("a change in the law shall not be considered for purposes of determining whether an extraordinary and compelling reason exists").

Finally, the policy statement specifically provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

*Sentencing Factors Under 18 U.S.C. § 3553(a)*

Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with a number of factors including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the applicable Sentencing Guidelines range; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

## III. ANALYSIS

Defendant argues extraordinary and compelling reasons for a reduction in sentence exist under U.S.S.G §§ 1B1.13(b)(5) and 1B1.13(d).[2] Section 1B1.13(b)(5) states that extraordinary and compelling circumstances may be found if the Defendant presents "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4) include medical and family circumstances of the Defendant, age, and victim of abuse. U.S.S.G. §§ 1B1.13(b)(1) – (4). Section 1B1.13(d) concerns rehabilitation. It states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

Defendant argues that a sentence of life imprisonment is "excessively long and harsh," particularly considering that he was sentenced to life imprisonment based on cross-reference to first degree murder even though the murder charges themselves were dismissed as part of the plea

---

[2] Defendant also argues that *Bricker* was wrongly decided and that U.S.S.G. 1B1.13(b)(6) provides a legitimate basis to find extraordinary and compelling reasons for a sentence reduction. He initially concedes that unless *Bricker* is overruled, he cannot succeed on this argument. However, in the Reply memorandum (Doc. No. 267), Defendant argues that the Court should not rely on *Bricker* as binding precedent because the Sixth Circuit suspended the en banc petition filing deadline pending the Supreme Court's ruling in two cases with direct bearing on the decision in *Bricker*. Defendant has not cited any authority to indicate that the court should not reply upon *Bricker*. Accordingly, the Court does not address U.S.S.G. 1B1.13(b)(6) except to state that the Sixth Circuit has held that provision to be invalid. *See Bricker*, 135 F.4th at 450. Moreover, Defendant does not appear to meet the requirements of Section (b)(6) because he has not identified a change in the law. (*See* Doc. No. 263 at 18 and Ex. A (stating that in his request for relief presented to the Warden, Defendant "pointed to the excessive length of his sentence and changes in circumstances, including rehabilitation…").

7

agreement, that he "completely accepted responsibility for his conduct and dedicated himself to doing whatever he could to make it easy for the justice system to dispose of his case," agreed to forfeit substantial assets, and demonstrated early rehabilitation and remorse.[3] (Doc. No. 263 at 23-24). He argues the Court should consider the relatively harshness of the sentence together with his rehabilitation and conclude that extraordinary and compelling reasons for a sentence reduction exist. Defendant points to other cases in other courts where courts have applied Section 1.B.1.13(b)(5) to reduce sentences deemed excessive or disproportionate. (Doc. No. 263 at 22 (collecting cases)).

Defendant is again asking the Court to reevaluate the sentencing factors, this time also considering his conduct and rehabilitation over the 20-plus years he has been incarcerated, and to conclude that extraordinary and compelling reasons exist to reduce the term of imprisonment to a term of years less than that imposed by the sentencing judge and deemed reasonable by the Sixth Circuit. The Court declines to do so.

First, it is not convinced that a life sentence plus rehabilitation is "extraordinary." The justice system expects prisoners, even those without expectation of release, to rehabilitate. Thus, the rehabilitation, although commendable, is not "extraordinary." Second, the Court does not find the sentence imposed to be excessive or disproportionate. Defendant repeatedly compares the sentence he received with an average sentence for first-degree murder. But, as the Court previously stated and the sentencing judge made clear, Defendant's crimes involved more than murder. (*See* Doc. No. 249 at 10 (Sixth Circuit decision denying appeal, (Jul. 19, 2010) ("The district court emphasized that this case involved more than one ton of cocaine and other drugs. The district court

---

[3] Defendant's characterization is not entirely accurate. The Court notes that he attempted to withdraw the plea agreement and the sentencing judge subsequently determined that Defendant did "not comply with the plea agreement requiring his full and truthful cooperation and testimony." (*See* Doc. No. 249 at 10 (Sixth Circuit decision denying appeal, (Jul. 19, 2010))).

8

also remarked that '[t]his was a continuing criminal enterprise characterized by violence,' including two murders. [It was] 'an extraordinary case that call[ed] for an extraordinary sentence.'"); Doc. No. 262 at 6 ("Smith was involved in a continuing criminal enterprise that involved more than a ton of cocaine and drugs, multiple murders, soliciting murder of a witness, and obstruction of justice. Comparison to a single murder charge is inapt.").

The Court finds the reasons cited by Defendant, alone or in combination, are not extraordinary and compelling reasons for a sentence reduction. Even if the Court were to find extraordinary and compelling circumstances, the sentencing factors do not support a reduction in sentence. In particular, the Court emphasizes the nature and circumstances of the offense (discussed above), that a sentence of life imprisonment was well within the Guidelines, and the need to provide just punishment and respect for the law. Even taking into consideration Defendant's rehabilitation, given the seriousness of the underlying offenses, the Court remains unpersuaded that a sentence less than life will provide just punishment for the offenses of conviction or would be a reasonable sentence in light of all of the factors.

## IV.    CONCLUSION

For the reasons stated herein, Defendant's motion for sentence reduction (Doc. No. 263) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE